```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MONTANA
                    MISSOULA DIVISION
_____

CHRIS HAYWOOD,
                                CAUSE NO. CV 05-198-M-DWM
              Plaintiff,

       vs.
                                FINDINGS AND RECOMMENDATION
                                OF UNITED STATES
THE TRAVELERS INDEMNITY         MAGISTRATE JUDGE
COMPANY OF AMERICA, and
AUTO-OWNERS INSURANCE COMPANY,

              Defendants.
_____
```

Presently before the Court is the motion of Defendant Auto-Owners Insurance Company, filed pursuant Rule 12(b), Federal Rules of Civil Procedure, requesting the Court to dismiss the action against that entity for lack of personal jurisdiction. Having fully considered the arguments presented by the parties in support of their respective positions, the Court hereby enters the following:

## RECOMMENDATION

**IT IS RECOMMENDED** that the motion to dismiss of Defendant Auto-Owners Insurance Company for lack of personal jurisdiction should be **GRANTED.**

NOW, THEREFORE, IT IS ORDERED that the clerk shall serve a copy of the Findings and Recommendation of the United States

FINDINGS AND RECOMMENDATION/ Page 1

Magistrate upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this __29th__ day of August, 2006.

                         /s/ Jeremiah C. Lynch
                         Jeremiah C. Lynch
                         United States Magistrate Judge

**MEMORANDUM**

## I.  Factual and Procedural Background

Plaintiff Chris Haywood instituted this action to recover underinsured motorist benefits as an omnibus insured under a general business insurance policy issued to his business, Chris Haywood Stoneworks, by Defendant Auto-Owners Insurance Company ("Owners"). Haywood initially filed the action in the Eleventh Judicial District Court, Flathead County, Montana. Owners removed the action to this Court based on the existence of diversity jurisdiction under 28 U.S.C. § 1332(b).[1]

Haywood purchased the subject policy from Owners in the state of Colorado while he was a resident of Colorado and his

---

[1] At the time of the underlying accident, Haywood was driving a vehicle owned by his brother and insured by Defendant Travelers Indemnity Company of America. Haywood also claimed entitlement to underinsured benefits pursuant to the Travelers policy. The action as against Travelers has been dismissed upon a stipulation of settlement.

FINDINGS AND RECOMMENDATION/ Page 2

vehicle was garaged in that state. Specifically, when Haywood applied for the policy, he provided a Colorado address on the application and indicated that his automobile was garaged at a Colorado zipcode. On the same application, Haywood provided an alternative billing address for his business in Victor, Montana.[2] Subsequent to Owners issuance of the policy, Haywood relocated to the State of Montana.

After his relocation, Haywood was injured in an automobile accident which occurred in Montana on September 13, 2004. Haywood does not contend that he informed Owners of his relocation to Montana prior to the date of the accident. Having exhausted the policy limits available under the liability insurance policy of the tortfeasor, Haywood sought underinsured motorist benefits under the Owners policy.[3] Owners acknowledges the policy it issued to Haywood provides underinsured motorist benefits to Haywood. Defendant Owners' Br. in Support of Mot. to Dismiss, 2 (December 28, 2005 (dkt. # 6). However, Owners contends this Court may not assert personal jurisdiction over it relative to disputes which may exist between Owners and Haywood.

---

[2] There exists a slight disagreement between the parties as to whether this "alternative billing address" was for Haywood's business or was the address of his accountant. For purposes of this motion to dismiss, the Court will accept Haywood's version of the facts as true. *See Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

[3] The tortfeasor's liability insurance policy had a $50,000 per person policy limit which has already been paid to Haywood.

FINDINGS AND RECOMMENDATION/ Page 3

Owners is an Ohio corporation with its principle place of business in Lima, Ohio.[4]  It is undisputed that Owners maintains no offices in Montana and has no customer service agents or any presence in Montana.  It is also undisputed that Owners is not, nor has it ever been, authorized to conduct business as an insurer in the State of Montana and has never been registered as an authorized foreign insurer with the State of Montana.

**II. Discussion**

    A.  General Principles of Personal Jurisdiction

"The power of a federal court entertaining a case based on diversity of citizenship to exercise personal jurisdiction over a non-resident defendant turns on two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and whether assertion of such jurisdiction accords with constitutional principles of due process."  *Data Disk, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977) (citations omitted).  At the first level of inquiry, personal jurisdiction is to be determined by federal courts in accordance with state law.  *Hunt v. Erie Ins. Group,* 728 F.2d 1244, 1246 (9th Cir. 1984) (citing *Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir.), *cert. denied*, 439 U.S. 864 (1978).

---

[4] The Plaintiff named Auto-Owners Insurance Company as the Defendant.  Auto-Owners Insurance Company is the parent company of Owners Insurance, which is the entity that issued the insurance policy at issue to Haywood.

FINDINGS AND RECOMMENDATION/ Page 4

Consequently, in determining whether personal jurisdiction over a defendant exists in a diversity case, this Court is bound to look to Montana law to determine if personal jurisdiction is appropriate.  In that regard, this Court is bound by the Montana Supreme Court's interpretation of any applicable Montana law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886 (1975) ("this Court...repeatedly has held that state courts are the ultimate expositors of state law...and that we are bound by their construction except in extreme circumstances[.]") (citations omitted); *see also*, *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004) ("It is well-established that a state court's interpretation of its statutes is binding on the federal courts unless a state law is inconsistent with the federal Constitution.")

The Montana Supreme Court applies a two-part test to determine whether a Montana court can exercise personal jurisdiction over a non-resident defendant. *Cimmaron Corp. v. Smith,* 315 Mont. 1, ¶ 10, 67 P.3d 258, ¶ 10 (2003) (citation omitted).  "First, we ascertain whether personal jurisdiction exists pursuant to Rule 4B(1), M.R.Civ.P.  Second, we determine whether exercising such personal jurisdiction conforms with the traditional notions of fair play and substantial justice embodied in the due process clause. [...]  Therefore, it is axiomatic that if personal jurisdiction does not exist under the first part of

FINDINGS AND RECOMMENDATION/ Page 5

the test, further analysis under the second part of the test is unnecessary." 67 P.3d at ¶ 10 (citations omitted).

Rule 4B(1), Mont. R. Civ. P., provides that personal jurisdiction may be asserted over a non-resident defendant: (1) if the defendant is "found within" Montana (general jurisdiction); or (2) if the defendant has committed any of the acts expressly enumerated in the rule (specific long-arm jurisdiction).

Owners contends there exists no basis for either general or specific long-arm jurisdiction over Owners under Rule 4B(1), Mont. R. Civ. P. Haywood does not dispute that general jurisdiction over Owners is lacking. Rather, he contends specific jurisdiction over Owners exists under subsections (d) and (e) of Montana Rule of Civil Procedure 4B(1) which grants Montana specific long-arm jurisdiction over claims which arise from:

> (d) contracting to insure any person, property or risk located within this state at the time of contracting;
> (e) entering into a contract for services to be rendered or for materials to be furnished in this state by such person[.]

As both parties acknowledge, this case involves first-party coverage where the insured Haywood is suing his regional insurer for breach of contract. The Montana Supreme Court recently addressed the issue of whether a Montana court could exercise specific long-arm jurisdiction where the insured is suing its regional insurer in a foreign state for breach of contract.

FINDINGS AND RECOMMENDATION/ Page 6

*Carter v. Mississippi Farm Bureau Casualty,* 2005 MT 74, ¶ 27, 109 P.3d 735, ¶ 27, 326 Mont. 350, ¶ 27. Both parties recognize that resolution of the jurisdictional issue presented is dependent upon application of the rationale expressed in *Carter* to the undisputed facts as they bear upon the issue of personal jurisdiction. Owners contends the court's holding in *Carter* compels the conclusion that personal jurisdiction over Owners does not exist in the courts of Montana. Haywood, on the other hand, seeks to distinguish his situation from that of the insureds in *Carter*.[5] As discussed below, the personal jurisdiction issue presented in this case is indistinguishable, both legally and factually, from the personal jurisdiction issue addressed in *Carter*. Consistent with the holding in *Carter*, the Court finds that there exists no basis under Rule 4B(1), Mont. R. Civ. P., for the assertion of specific long-arm jurisdiction over Owners. This court is without authority to second-guess the conclusion of the Montana Supreme Court regarding the reach of Rule 4B(1).

    B.   The *Carter* Decision

In *Carter*, the insureds ("Carter") brought suit in state district court against their own foreign insurer to recover

---

[5]Haywood suggests *Carter* is not dispositive because the court did not consider the "territory of coverage" provision which applied to all fifty states. This suggestion, as detailed below, is dispelled by the clear language of *Carter*.

FINDINGS AND RECOMMENDATION/ Page 7

underinsured motorist benefits for injuries they sustained in an automobile accident which occurred in Montana. In that case, Carter initially purchased the insurance policy in Mississippi from a regional carrier, Mississippi Farm Bureau Casualty, Ins. Co. ("MFB"). *Carter*, ¶ 5. At the time he procured the policy from MFB, Carter was a Mississippi resident and the four vehicles insured under the MFB policy were garaged in Mississippi. *Carter*, ¶¶ 4-5. Subsequent to insuring his vehicles with MFB, and prior to the accident, Carter relocated to Montana. *Id.*, ¶ 5.

Upon MFB's challenge to the exercise of personal jurisdiction, the state district court granted summary judgment to MFB concluding the court did not have personal jurisdiction over MFB. *Id.* ¶ 7. Carter appealed.

On appeal, Carter claimed that prior to his move to Montana, he had spoken with a representative of MFB and informed MFB of his intention to relocate to Montana. *Id.,* ¶ 6. Carter contended this conversation with MFB put it on notice that "Carter had a 'connection' with Montana and 'ties' to this state prior to the accident." *Id.*, ¶ 10. Since MFB knew about his relocation but did not cancel his policy, Carter argued, MFB had maintained "sufficient contact with Montana to subject itself to personal jurisdiction within Montana's courts." *Id.*, ¶ 10. MFB disputed this conversation ever occurred. *Id.*, ¶ 6.

In analyzing Carter's claims, the Montana Supreme Court first concluded that whether Carter actually informed MFB of his intention to move to Montana was immaterial for purposes of personal jurisdiction because "this appeal is not about whether Carter...[is] covered by...[his] MFB[] policy; rather, the question is whether or not...[he] can *litigate the coverage dispute in Montana*." *Id.,* ¶ 20 (emphasis in original). Having disposed of this issue, the Montana Supreme Court then addressed Carter's claim that Montana courts had personal jurisdiction over MFB "because, by virtue of the accident having occurred here, Montana is the place of performance of the insurance contract."[6] *Id.,* at ¶ 10.

The Montana Supreme Court ultimately rejected Carter's argument for personal jurisdiction over MFB and upheld the district court's dismissal.  In its holding, the court stated that:

> In order to reach and resolve the question of whether it had long-arm jurisdiction over MFBCIC, the District Court interpreted...[Carter's] contention that the "place of performance" of the insurance contract was Montana to be an argument for the application of Rule 4B(1)(d), M.R.Civ.P. This provision states that specific jurisdiction may be had over a non-resident defendant if the defendant contracts "'to insure any person, property or risk located within this state at the time of contracting[.]'" It is undisputed that at the time of contracting, Carter resided in Mississippi,

---

[6]Although the Montana Supreme Court noted that Carter failed to argue for specific personal jurisdiction under M.R.Civ.P. 4B(1), the Montana Supreme Court, based on his general argument, followed the district court's decision to apply M.R.Civ.P. 4B(1)(d) and also considered "the other provisions of Rule 4B(1), M.R.Civ.P." with respect to Carter's arguments for personal jurisdiction. *Carter*, ¶ 29.

FINDINGS AND RECOMMENDATION/ Page 9

>and the property to be insured under the contract was garaged in Mississippi. Thus, there was no basis for a finding of jurisdiction under this provision. Nor do the other provisions of Rule 4B(1), M.R.Civ.P., provide a basis for the assertion of long-arm jurisdiction.

*Id.*, ¶ 29.

While the Court acknowledged that an insurer's duty to indemnify and defend could be sufficient to confer personal jurisdiction, *Id.,* ¶ 25, it rejected the notion that a general duty to defend within an area of coverage, without more, was a sufficient basis upon which to subject MFB to the jurisdiction of Montana's courts. *Id.,* ¶ 26.  Crucial to the court's reasoning on this issue, was its view that "where the insured is suing its regional insurer in a foreign state for breach of contract...the place of the accident is immaterial for purposes of jurisdiction, as the action is one to enforce a contract." *Carter*, ¶ 27.

In other words, for purposes of specific personal jurisdiction, "the foreseeability of an injury in another state is not a sufficient benchmark for exercising personal jurisdiction in a breach of contract action filed by the insured against the insurer." *Id.,* ¶ 23 (citing *Batton v. Tennessee Farmers Mut. Ins. Co.*, 736 P.2d 2, 5, 153 Ariz. 268 (1987)).  The court drew a clear distinction between "a promise to provide coverage throughout the United States...[and the notion that] this agreement to defend and indemnify its insured in any state...[implies] an agreement to allow its insured to bring suit against it in any state." *Id.,* ¶ 23   (citing *Bahn v. Chicago Motor Club*, 634 A.2d 63, 71, 98 Md.App. 559 (Md. 1993)).

FINDINGS AND RECOMMENDATION/ Page 10

> [W]hile MFB[] could reasonably anticipate that its insured could suffer an injury within its fifty-state coverage area, thus triggering its duty to defend and indemnify, the foreseeability of that injury-without more-is not sufficient to subject the insurer, MFB[], to specific personal jurisdiction within Montana's courts.

*Id.*

In cases where an "insured is suing its regional insurer in a foreign state for breach of contract[]", *Id.,* at ¶ 27, the simple fact that Montana is within the territory of coverage of the insurance policy, by itself, does not provide Montana courts with specific personal jurisdiction over an out-of-state insurer who has not contracted to insure any "'person, property or risk located within this state at the time of contracting[.]'" *Carter,* ¶ 29 (citing M. R. Civ. P. 4B(1)(d)).  The same logic holds true with respect to the "other provisions of Rule 4B(1), M.R.Civ.P.[.]" *Id.*  When an insured is suing his insurer for breach of contract, "the place of the accident is immaterial for purpose of jurisdiction, as the action is one to enforce a contract."  *Id.*, at ¶ 27.  In those cases, simply entering into a contract for the provision of services to be rendered in Montana, by itself, does not confer personal jurisdiction in Montana courts. *Id.* (*citing Edsall Constr. Co., Inc. v. Robinson*, 264 Mont. 378, 382, 804 P.2d 1039, 1042 (1991) (entering into a contract with a Montana resident is insufficient to subject the nonresident to personal jurisdiction).